CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
AUG 1 9 2008
JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 1:93CR00019 |
| v. | ) |
| | ) **OPINION AND ORDER** |
| WENDELL ELLIOT RICCO. | ) |
| | ) By: James C. Turk |
| | ) Senior United States District Judge |

Defendant Wendell Elliot Ricco has filed a motion seeking the court's reconsideration of the order entered April 14, 2008, denying his motion for a reduction of sentence, pursuant to 18 U.S.C. § 3582(c) and the 2007-2008 amendments to the crack cocaine sentencing guideline. Upon review of the record, the court concludes that the motion must be denied.

Section 3582(c)(2) authorizes a reduction to a "term of imprisonment based on a sentencing range that has subsequently been lowered" through a retroactive amendment to the sentencing guidelines. Ricco's previous offense level was 40, and with his criminal history category of V, gave him an original sentencing range of 360 months to life imprisonment. Applying the two-level reduction in base offense levels effected by the recent retroactive amendments to the crack cocaine sentencing guideline, the court calculated Ricco's amended offense level at 38. With his criminal history category V, however, this offense level also gives him an amended guideline range of 360 months to life imprisonment. Because his guideline range thus did not change as the result of the amendments, the court found that he was ineligible for a reduction under § 3582(c)(2) and denied his motion.

In support of his motion for reconsideration, Ricco first discusses alleged constitutional problems with the criminal proceedings underlying his convictions and sentences: the drugs involved in the offenses were actually cocaine, not crack; he should not have received a four-point enhancement for leadership role; and the jury returned a general verdict on the conspiracy count rather than finding whether the conspiracy involved crack or cocaine. Ricco also offers details about his post-conviction rehabilitation and education efforts, his medical problems, his age, and his family situation as grounds on which he should be given a reduced sentence. Finally, Ricco reminds the court of statements made during the sentencing hearing indicating the court's belief that although the court believed Ricco was responsible for even more drugs than the amount for which he was sentenced, the court also believed that then-mandatory guidelines called for too harsh a sentence without possibility of parole for Ricco's offense. Ricco asserts that the United States Supreme Court "took all of the shackles off" the court, indicating his apparent belief that the court now has unlimited discretion to fashion a fair sentence based on the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005) and subsequent decisions refining its principles.

The court finds no merit to these arguments. "A motion pursuant to § 3582(c)(2) 'is not a do-over of an original sentencing where a defendant is cloaked in rights mandated by statutory law and the Constitution.'" United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000) (quoting United States v. Tidewell, 178 F.3d 946, 949 (7th Cir. 1999)); see also USSG § 1B1.10(a)(3). Therefore, while the guidelines may be applied in a discretionary manner at an original

sentencing pursuant to Booker, the court finds no ground authorizing similar discretion in considering a sentence reduction under § 3582(c)(2).[1]

Similarly, § 3582(c) does not authorize revisiting the trial evidence, the nature of the jury's verdict, or facts determined at sentencing in support of enhancements. In fact, § 3582(c)(1) prohibits the court from modifying the terms of imprisonment once imposed except under very limited circumstances that do not apply in Ricco's case. Therefore, Ricco's questions concerning the nature of the verdict and facts found in support of a sentencing enhancement are not cognizable in a motion under § 3582(c)(2).

Ricco further states that he is entitled to a reduction based on his post-sentencing participation in the educational programs that the Bureau of Prisons offers to its inmates and other personal circumstances. While the court certainly commends his efforts at education and

---

[1] See United States v. Hudson, 242 F. App'x 16 (4th Cir. 2007) (it is not clear error or abuse of discretion to refuse to apply Booker to a sentence reduction under § 3582(c)(2)); United States v. Rolle, 163 F. App'x 245 (4th Cir. 2006) (unpublished) ("Rolle sought relief based on the Supreme Court's decision in [Booker]. The relief Rolle seeks is unavailable under § 3582(c)(2)."); United States v. Rodriguez-Pena, 470 F.3d 431, 433 (1st Cir. 2006) (defendant's contention that a § 3582(c) reduction was warranted under Booker was "roundly rejected."); United States v. Price, 438 F.3d 1005, 1007 (10th Cir. 2006) ("Booker does not provide a basis for a sentence reduction under § 3582(c)."); United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005) ("Booker is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission. Therefore, Booker is inapplicable to § 3582(c)(2) motions."); United States v. Sanchez, 140 F. App'x 409, 410 (3d Cir. 2005) (unpublished) ("[Section] 3582(c)(2) permits a reduction of sentence as a result of a subsequent amendment of the guidelines by the Sentencing Commission, not based on a decision of the Supreme Court that is unrelated to an actual amendment of the guidelines."); Hayes v. United States, 141 F. App'x 463, 464 (7th Cir. 2005) (unpublished) ("18 U.S.C. § 3582(c)(2)[] authorizes an inmate to file a motion to reduce a sentence based on a subsequent amendment to the guidelines, not based on new case law."); United States v. Privette, 129 F. App'x 897, 899 (5th Cir. 2005) ("Booker is inapplicable to review of the denial of Privette's § 3582(c)(2) motion. By its plain language, § 3582(c)(2) is not implicated by a decision of the Supreme Court that is unrelated to an actual amendment of the guidelines."); but see United States v. Hicks, 472 F.3d 1167 (9th Cir. 2007) (court found that limiting a § 3582(c)(2) sentencing reduction to the amount prescribed by the Sentencing Commission impermissibly applies the guidelines as mandatory in violation of Booker).

rehabilitation and sympathizes with his medical and family problems, none of these issues can be considered under § 3582(c)(2), which authorizes a reduction solely based on changes to a sentencing guideline range.[2] Moreover, none of these issues provides independent grounds on which the court can revisit Ricco's sentence so long after imposition.

For lack of cause shown, it is **ORDERED** that the defendant's motion for reconsideration (Dkt. No. 223) is **DENIED**.

The Clerk is directed to send a copy of this order to the defendant at his current place of confinement and to counsel of record for the government.

ENTER: This 19th day of August, 2008.

/s/ James C. Sur
Senior United States District Judge

---

[2]Perhaps Ricco is attempting to pursue a motion for compassionate release, based on his family and medical problems. Such a motion must be initiated by the Director of the Bureau of Prisons, not by the defendant himself or by the court. See § 3582(c)(1). Ricco may wish to pursue this possibility with his case manager or the prison physician.